**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SHERYL ALLEN**                                                                          **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.:** 3:23-cv-125-HTW-LGI

**EAST CENTRAL COMMUNITY COLLEGE**                                  **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Sheryl Allen, by and through counsel, Watson &
Norris, PLLC, and files this action to recover damages for violations of her rights
pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Rehabilitation Act
of 1973 against the Defendant East Central Community College. In support of this
cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Sheryl Allen, is an adult female citizen residing in Lauderdale
County, Mississippi.

2.      Defendant, East Central Community College (ECCC), is a Mississippi
state agency located in Decatur, Mississippi and is the recipient of federal funding.
Defendant may be served with process through the Mississippi Attorney General's
Office: Lynn Fitch, Mississippi Attorney General, 550 High Street, Suite 1200, Jackson,
Mississippi 39201.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction for actions that arise under the
ADA and the Rehab Act.

4.      This Court has personal and subject matter jurisdiction over the Defendant

and venue is proper in this Court.

5.     Plaintiff timely filed a Charge of Discrimination with the EEOC for Disability Discrimination on May 10, 2022, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on November 18, 2022, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

6.     Plaintiff is a 61-year-old female resident of Lauderdale County, Mississippi.

7.     Plaintiff was hired on June 15, 2016, as a Dean of Healthcare at East Central Community College (ECCC).

8.     During 2011-12, Plaintiff was diagnosed with attention deficit hyperactivity disorder (ADHD).

9.     During the fall 2017 or spring of 2018, Plaintiff disclosed to her supervisor, Vice President of Instruction Dr. Teresa Mackey, that she (Plaintiff) had been diagnosed with ADHD.

10.    At that time and in the following months, as a reasonable recommendation, Dr. Mackey allowed Plaintiff special work hours so that Plaintiff could complete required Associate Degree Nursing program national and state accreditation tasks without distractions.

11.    On or about July or August 2020, when Dr. Brent Gregory began his tenure as President of ECCC, Plaintiff disclosed to Dr. Gregory that she had ADHD.

12.     In the latter months of 2021, Plaintiff began preparing the Accreditation Commission for Education in Nursing (ACEN) Substantive Change report.

13.     The ACEN guidelines dictated that ECCC nursing program faculty were required to submit documentation.

14.     Plaintiff reached out to faculty to provide her with this required documentation, yet due to unresponsiveness, the completion of the report was repeatedly delayed.

15.     Further delays resulted when ECCC implemented a software transition from Gmail to Microsoft 365.

16.     This transition caused many of the files/emails/etc. that Plaintiff was working with to be lost, or at least difficult to access.

17.     In addition to the faculty's lack of responsiveness to providing the ACEN required documentation, Dr. Gregory further complicated the issue for Plaintiff by pressuring her to produce all the documentation herself.

18.     ACEN standards and guidelines mandate that ACEN documentation must be provided by the various faculty of the nursing program, i.e., not completed by only one person.

19.     Plaintiff attempted to protest Dr. Gregory's demand on the grounds that it violated ACEN guidelines, yet Dr. Gregory persisted in pressuring her to produce all the documentation.

20.     Dr. Gregory gave Plaintiff a deadline of March 4, 2022, to produce the documentation.

21.     On January 21, 2022, Plaintiff was in her office.

22.     Plaintiff was feeling very frustrated at Dr. Gregory due to his interference with her ability to appropriately prepare the ACEN Substantive Change report, i.e., by obtaining the required documentation from the various faculty of the nursing program.

23.     Although afterward Plaintiff realized her statement had been overheard by staff member Christy Cooley, Plaintiff stated, "If someone would give me a golf club, I would 'shove it up his ass.'"

24.     Plaintiff admits she was referring to Dr. Gregory, and she feels remorse for having made the remark.

25.     On January 26, 2022, Dr. Mackey gave Plaintiff a written reprimand due to the statement she made on January 21st.

26.     On February 2, 2022, Plaintiff responded with a detailed response to the Written Reprimand.

27.     In that response, Plaintiff began by apologizing for the incident.

28.     Plaintiff went on to explain how she had been under a lot of stress due to the recent death of her husband.

29.     Plaintiff explained that she had no desire or intention for retaliation against any of the faculty or staff of ECCC.

30.     Plaintiff's response then explained how she has worked hard to keep the nursing program accredited but this had been complicated and delayed by the faculty who were unwilling to comply with her directions.

31.     Notably, when faculty were directed to provide documentation for the ACEN Substantive Change report, many of them refused and this delayed the process significantly.

32.     Plaintiff also noted that she had "a medical diagnosis of [ADHD] and occasional episodes of depression…"

33.     On March 1, 2022, Plaintiff wrote an email to Dr. Sharon Beasley at the Accreditation Commission for Education in Nursing in Atlanta Georgia.

34.     In that email, Plaintiff explained to Dr. Beasley that ECCC "experienced loss of some documents and emails during our December 2021 conversion from Gmail to Microsoft 365.   As a result, we experienced a delay in submitting a substantive change report for our 2021 first write pass rates where we were missing documents and minutes…"   Plaintiff then went on to inquire about how ECCC should specifically respond as far as submitting the necessary information.

35.     On March 2, 2022, Substantive Change Coordinator Tanisha Burnett responded to Plaintiff (i.e., Dr. Beasley was cc'd) by email and stated, "I am sorry to hear about the loss of your documents due to your conversion…"   Ms. Burnett then went on to address the specifics of how Plaintiff should report the required information.

36.     On March 3, 2022, Plaintiff met with Psychiatric Mental Health Nurse Practitioner Priscilla Mathis at her clinic in Meridian.

37.     Following that meeting, on March 4, 2022, a letter from Ms. Mathis was sent to Ms. Rowzee requesting reasonable accommodations for Plaintiff related to Plaintiff's disability, i.e., ADHD.

38.     The letter included potential accommodations such as including the provision of structured breaks as a physical outlet, allowing the employee to work from home, providing a private and quiet workspace to minimize distractions, and meeting with the employee periodically to discuss expectations.

39.     Although this letter did not have Plaintiff's name on it, Plaintiff asserts Ms. Rowzee was fully aware (as were Dr. Mackey and Dr. Gregory) that Plaintiff had been diagnosed with ADHD and that it was reasonable to assume that Ms. Rowzee should receive Ms. Mathis's letter as a request for reasonable accommodations.

40.     As further support for this assumption, on March 4, 2022, on a phone call, Dr. Mackey confirmed to Plaintiff that ECCC did not have a policy or procedure for employee disabilities.

41.     On March 7, 2022, President Brent Gregory informed Plaintiff that she was terminated, allegedly due to failure to meet ACEN Substantive Change deadlines.

42.     Plaintiff contends, however, that there was no ACEN Substantive Change deadline on March 4, 2022.

43.     Moreover, Plaintiff contends that the delays in completing the ACEN Substantive Change report were due to the conversion problems (i.e., from Gmail to Microsoft 365) as noted above, as well as ECCC faculty not completing and submitting documentation that they were required to provide according to ACEN guidelines.

44.     Furthermore, regarding the faculty's poor responsiveness, instead of confronting faculty members to comply with Plaintiff, Dr. Gregory pressured Plaintiff to produce this documentation herself.

45.     Plaintiff explained that this was not in accordance with ACEN guidelines, but Dr. Gregory ignored this fact.

46.     It is also noteworthy that while Plaintiff and two others, Dr. Donna Everett and David Case, worked on the ACEN report, Plaintiff was terminated but the other two were promoted, i.e., Dr. Everett was promoted to Plaintiff's position when she was

terminated, and Mr. Case was promoted to Executive Vice President (Dr. Mackey's position after she left).

47.     On May 10, 2022, Plaintiff filed an EEOC Charge of Discrimination due to disability against ECCC.

48.     On June 23, 2022, in response to Plaintiff's Charge, ECCC submitted a Position Statement to the EEOC.

49.     The ECCC Position Statement alleges that when Plaintiff failed to meet the March 4, 2022, deadline to submit the ACEN Substantive Change report, Plaintiff was terminated the following Monday, March 7, 2022, by ECCC President Dr. Brent Gregory.

50.     As described above, Plaintiff contends that there was no ACEN deadline of March 4, 2022.

51.     Plaintiff further contends that the delays in completing the ACEN Substantive Change report were not due to her actions or inactions.

52.     Rather, as explained above, the delays were due to faculty not complying with ACEN guidelines to provide documentation and to the conversion problems, i.e., Gmail to Microsoft 365.

53.     Rather than assist with solving these problems, Dr. Gregory compounded them by pressuring Plaintiff to produce the documents herself rather than insisting that faculty comply with ACEN guidelines and produce the documents required of them.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND THE REHABILITATION ACT – DISCRIMINATION

54.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 53 above as if fully incorporated herein.

55.     As described in more detail above, Defendant violated the ADA and the Rehab Act by abruptly terminating Plaintiff because her disability and/or perceived disability.

56.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff. As such, Plaintiff is entitled to recover both compensatory and punitive damages.

### COUNT II:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND THE REHABILITATION ACT - RETALIATION

57.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 56 above as if fully incorporated herein.

58.     As described in more detail above, Defendant violated the ADA and the Rehab Act by discriminating against Plaintiff for requesting a reasonable accommodation for her disability and by terminating Plaintiff's employment in retaliation for requesting a reasonable accommodation for her disability and/or perceived disability.

59.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

60.     As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering,

professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. Pre-judgment and post-judgment interest;
7. A tax gross-up and all make whole relief;
8. Attorney's fees;
9. Costs and expenses; and
10. Any such further relief as the Court deems appropriate.

THIS the 16th day of February 2023.

Respectfully submitted,

SHERYL ALLEN, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com